IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:11-cr-30048-DWD |
| ) | |
| RAYMOND WOODS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

On December 13, 2011, Defendant Raymond Woods was sentenced to one year of imprisonment and two years of supervised release after pleading guilty to a charge of possession of cocaine base in excess of five grams. (Doc. 45). Now before the Court is Woods' motion to reduce his sentence based on a retroactive application of new sentencing guidelines. (Doc. 52). Specifically, Woods seeks an order reducing his charge from a felony to a misdemeanor and sentencing him to time served on the misdemeanor.

Under 18 U.S.C. § 3582(c)(2), a defendant may move for a reduction of his sentence if he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." In his motion, Woods argues that his sentence should be reduced because the sentencing guidelines for possession of marijuana have changed since his conviction. (Doc. 52). Woods' argument is inapposite because he was convicted for possession of cocaine, not marijuana. (Doc. 45). Even if the sentencing guidelines for possession of cocaine had changed, § 3582(c)

empowers this Court to "reduce the term of imprisonment," not retroactively reduce a defendant's felony conviction to a misdemeanor. Further, it appears that Woods completed his sentence and was discharged from supervised release in 2014. (Doc. 51).

For these reasons, Defendant Woods' motion to reduce his sentence (Doc. 52) is **DENIED**.

**SO ORDERED.**

Dated: March 29, 2022

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge